DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50352)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: patricia.cutler@usdoj.gov

Attorneys for Acting United States Trustee
 AUGUST B. LANDIS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | No. 11-10187 AJ7 |
| ) | |
| ) | Chapter 7 |
| **Thomas Camaren and Crista Doty** ) | |
| ) | Date: May 6, 2011 |
| ) | Time: 9:00 a.m. |
| ) | Place: 99 South E Street |
| Debtors. ) | Santa Rosa, California |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
FOR ABUSE UNDER 11 U.S.C. § 707(b)(1), (2) & (3)**

August B. Landis, Acting U.S. Trustee for the Northern District of California - Region 17, ("U.S. Trustee") hereby submits this memorandum in support of his motion to dismiss this case as an abuse of the provisions of chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

**I.  PRELIMINARY STATEMENT**

Debtors have disposable income per month of at least $741 or, alternatively, $796 per month on the means test. The amount of $741 is based on correcting the amount of the health insurance premium, and, the amount of $796 is based on eliminating the secured debt on surrendered property as well as correcting the health insurance premium. The presumption arises, and the 60- month dividend in the first instance of $44,460 sufficient to pay 84% unsecured creditors' debt of $52,561 and in the second

instance creditors will receive $47,760 or a 90% dividend.[1]

Based on the totality of the circumstances, Debtors have the ability to pay unsecured creditors as they will have $630 per mo or up to $1113 per mo in disposable income. The amount of $641 is based on correction of the health insurance premium deduction and the elimination of home owner's dues. The amount of $1113 in disposable income is based on the additional elimination of the monthly contribution to Mr Caramen's 401k and his monthly deduction for 401k loan repayment as well as the deduction of $70 for student loan repayment.

This motion is based upon the Memorandum of Points and Authorities, the Declaration of Donna Jensen, filed herewith, together with the entire record in this case and such evidence and argument as may be introduced with respect to the Motion. Additionally, the UST requests the Court take judicial notice under F.R.E. 201 of its own records in the case in support of the facts set forth hereafter.

## II. POINTS & AUTHORITIES

Prior to the enactment of BAPCPA, the Court could dismiss a case under 11 U.S.C. § 707(b) if it found that a debtor's case was a "substantial abuse" of the provisions of chapter 7. Section 707(b)(1) now provides for dismissal of a case with primarily consumer debt for mere "abuse." A chapter 7 case may be dismissed for abuse under Section 707(b)(1) pursuant to either Section 707(b)(2) or 707(b)(3). The presumption in favor of relief for the debtor found in the previous version of the statute no longer exists. In re Egebjerg, 574 F.3d 1045, 1048 (9th Cir. 2009).

Section 707(b)(2) provides objective standards – the means test – for courts to determine whether abuse exists. If a case is presumed abusive, it will be dismissed without the need for further evidence unless the debtor can show "special circumstances" to rebut the presumption. Alternatively, a case may be dismissed under Section 707(b)(3)(A) if it was filed in bad faith or under Section 707(b)(3)(B) if the totality of the circumstances of the debtor's financial situation demonstrates abuse. 11 U.S.C. § 707(b)(3)(A), (B); See In re Egebjerg, 574 F.3d at 1048; In re Pak, 343 B.R. 239, 241 (Bankr. N.D. Cal. 2006); In re Mitchell, 357 B.R. 142, 150 (Bankr. C.D. Cal. 2006). The "abuse" standard of Section

---

[1] If the secured's deficiency claim of $67,916 is added to unsecured debt from schedule F, the dividend in the first instance will be 37% and in the second instance it will be 40%.

MPA RE UST'S MOTION TO DISMISS CASE FOR ABUSE UNDER 11 U.S.C. § 707(b) - 2 -

707(b)(3) expressly applies when the presumption of abuse under the Means Test of Section 707(b)(2) does not arise, so that "passing" the Means Test does not preclude a discretionary finding of abuse by the court based on bad faith or the totality of the circumstances. In re Egebjerg, 574 F.3d at 1048; In re Lamug, 403 B.R. 47, 53 (Bankr. N.D. Cal. 2009).

Dismissal under section 707(b) is appropriate only if the debtor has primarily consumer debt, defined as "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). The Ninth Circuit has determined that a debtor has primarily consumer debt when more than half of the dollar amount owed is consumer debt. See Zolg v. Kelly (In re Kelly), 841 F.2d 908, 913 (9th Cir. 1988).

Debtors identified that they have primarily consumer debt on the voluntary petition, and on the means test. Debtors reported total liabilities of $327,478 consisting of $274,916 in secured claims for their residence and $52,561 in general unsecured claims which are comprised of credit card debts for personal expenses. Based upon a review of Schedules D, E, and F, Debtor's debt appears to for personal, household, or family purpose.

### A. The Presumption of Abuse Arises

Section 707(b)(1) provides that the court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7. 11 U.S.C. § 707(b)(1). In determining whether granting relief would constitute "abuse" under Section 707(b)(1), courts shall presume that abuse exists if:

> ... the debtor's current monthly income reduced by [the deductions specified in subsections (ii), (iii), and (iv),] multiplied by 60 is not less than the lesser of -
>
> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or
>
> (II) $10,950.

11 U.S.C. § 707(b)(2)(A)(I).

Debtors are married with no dependants. They are currently separated and maintain separate residences. Mr. Caramen works for U.S. Postal Service and Ms. Doty is a legal assistant with Marin County. Their combined gross income per year is $104,531. The unsecured schedule F debt totals

MPA RE UST'S MOTION TO DISMISS CASE FOR ABUSE UNDER 11 U.S.C. § 707(b) - 3 -

$52,561.  Debtors also have secured debt for surrendered property totaling $274,916 for which they state there is an unsecured deficiency amount of $67,916.

The UST submits that Debtors' expenses on their means tests are inaccurate and inappropriate. Based on the UST's analysis of Ms. Doty's pay advices, Debtors have inaccurately claimed a deduction $1323 per month at line 34a for health insurance premiums.  The true figure is $126 per month.  The rest of the $1323 is paid by Ms. Doty's employer. See Table A appended to the Declaration of Donna Jensen (Jensen Dec.) filed herewith.  Eliminating this error alone causes the presumption to arise with $741 per month in disposable income. See UST Means Test 1 appended to the Jensen Dec.  However, the UST also submits that the deductions based on secured debt at line 42 should also be eliminated as Debtors' real property is listed as surrendered in Debtors' Statement of Intentions.  If these deductions are disallowed, the presumption will arise and there will be $796 per month in disposable income.  See UST Means Test 2 appended to the Jensen Dec.

At lines 42 and 43, $1770 in deductions for mortgage payments have been eliminated, as Debtors have both stated their intention to surrender their residence, and have actually done so. The UST submits that under the facts of this case, Debtors are not entitled to deduct mortgage payments on property they are surrendering in calculating the amount of their monthly disposable income under the means test. See Hamilton v. Lanning, __ U.S. ___, 130 S. Ct. 2464 (2010)(rejecting the mechanical approach to calculation of projected disposable income under 11 U.S. C. 1325(b)); see also In re Darrohn, 615 F.3d 470 (6th Cir. 2010)(based on Lanning's rejection of the mechanical approach, held that secured debt on surrendered property cannot be deducted as an expense in calculating projected disposable income under §1325(b)). The logic of the Supreme Court's holding in Lanning and the Sixth Circuit's decision in In re Darrohn, id, also comport with the reasoning in the Supreme Court decision in In re Ransom, ___ U.S. ___, 131 S.Ct 716 (2011).
(Apr. 19, 2010) which rejected the deduction of a vehicle ownership expense with respect to a vehicle the debtor owned free and clear.

Allowing Debtors to deduct only secured debt payments that they actually intend to make in the disposable income calculus best serves Congress's purpose in enacting the means test. The 2005 Act

established a means test to ensure that those who can afford to repay some portion of their unsecured debts be required to do so. See In re Egebjerg, 574 F.3d 1045,1048 (9th Cir. 2009). That purpose is best served by limiting the Debtor to deductions that reflect his true financial circumstances, rather than allowing him to shelter disposable income behind phantom secured debt payments that they do not intend to actually make. In place of the mortgage deduction, the standard housing allowance has been added at line 20B.

All these adjustments provide disposable income. Accordingly, the presumption arises and unsecured creditors at least an 84% dividend. The case should be dismissed under §707(b)(2).

**B.     No Known "Special Circumstances" Rebut The Presumption.**

In a Section 707(b)(2) proceeding, the presumption of abuse may only be rebutted by evidence of "special circumstances, such as a serious medical condition or a call to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." 11 U.S.C. § 707(b)(2)(B)(I). The U.S. Trustee contends that there is no evidence of special circumstances that could justify any additional expenses or adjustments to Debtors' current monthly income.

**C.     The Totality of the Circumstances of Debtor's Financial Condition Demonstrates an Abuse of Chapter 7**

Independent of the determination of whether the presumption of abuse arises under Section 707(b)(2), a case may also be dismissed under Section 707(b)(3)(B) where the totality of the circumstances of the debtor's financial situation demonstrates an abuse of chapter 7. 11 U.S.C. § 707(b)(3)(B). See also In re Pak, 343 B.R. 239, 241 (Bankr. N.D. Cal. 2006) (chapter 7 case can be dismissed for "abuse" under § 707(b)(3) even if abuse is not presumed as a result of the Means Test); see also In re Paret, 347 B.R. 12, 15 (Bankr. D. Del. 2006) (the "shall" directive in § 707(b)(3) "explicitly mandates" consideration of the totality of the circumstances to determine whether abuse exists if the § 707(b)(2) presumption does not arise or is rebutted).

The standard by which abuse is measured under Section 707(b)(3)(B) is the totality of the circumstances of a debtor's financial condition. The inquiry into the circumstances of a debtor's financial condition is a factual one that requires the court to consider the totality of a debtor's financial

MPA RE UST'S MOTION TO DISMISS CASE FOR ABUSE UNDER 11 U.S.C. § 707(b)     - 5 -

condition. In re Lamug, 403 B.R. 47 (Bankr. N.D. Cal. 2009); In re Baeza, 398 B.R. 692 (Bankr. E.D. Cal. 2008). Prior to the enactment of BAPCPA, the ability to pay was measured by a debtor's ability to pay his or her creditors under a hypothetical chapter 13 plan. See In re Kelly, 841 F.2d 908 (9th Cir. 1988) and In re Price, 353 F.3d 1135 (9th Cir. 2004). However, there is no textual support for reading section 707(b)(3)(B) as hinging a finding of abuse on whether the debtor can fund a chapter 13 plan. In re Baeza, 398 B.R. 692 (Bankr. E.D. Cal. 2008). To the contrary, the default remedy for abuse under section 707(b)(3)(B) is dismissal, not conversion. See 11 U.S.C. § 707(b)(1).

In Lamug, Judge Efremsky dismissed a chapter 7 case where the debtors had the ability to pay their creditors under the totality of the circumstances. Judge Efremsky held that the phrase "totality of the circumstances" continued to have the same meaning post-BAPCPA and that "the ability to pay, standing by itself, remains a sufficient ground to support a finding of abuse under post-BAPCPA § 707(b)(3)(B)." In re Lamug, 403 B.R. at 55. The courts in Lamug and Baeza both considered the pre-BAPCPA factors set forth in In re Price, 353 F.3d. 1135 (9th Cir. 2004), which require a case-by-case analysis of the debtor's actual financial situation or condition. In re Baeza, 398 B.R. at 696 and 697-8.

In addition to the presumption arising based on adjustments to the means test, the totality of the circumstances show Debtors have the actual ability to pay their creditors a significant amount. The UST has adjusted the deductions taken on schedule I based on the pay advices. Ms. Doty's health insurance premium has been adjusted from $1229 to the actual amount of $126 based on the UST's pay advice analysis. See above. In addition, Mr. Caramen's deduction of $401 for a voluntary TSP retirement account has been eliminated and his repayment of a TSP loan at $176 has also been eliminated. On schedule J, expenses have been adjusted. Debtors deduction of $230 for HOA dues for their surrendered home has been eliminated as it does not appear they are liable for it on a forward looking basis.

Based on the totality of the circumstances, Debtors have the ability to pay unsecured creditors as they will have $630 per mo or up to $1114 per mo in disposable income. The amount of $641 is based on correction of the health insurance premium deduction and the elimination of home owner's dues. The amount of $1114 in disposable income is based on the additional elimination of the monthly contribution to Mr Caramen's 401k and his monthly deduction for 401k loan repayment as well as the

1 deduction of $70 for student loan repayment.

2 Mr. Caramen reported a payroll deductions of $401 per month mo for a TSP account which is voluntary deferred compensation similar to a 401(k) plan. This deduction suggests that Debtor believes he has substantial discretionary funds available to set aside for the future. The Ninth Circuit in In re Craig, 579 F.3d 1040 ( 9th Cir. 2009) held that the bankruptcy courts in considering whether such deductions are allowable must consider the factors set forth in Hebbring v U.S. Trustee , 463 F.3d 902 (9th Cir. 2006), specifically including ut not limited to: the debtor's age, income, overall budget, expected date of retirement, existing retirement savings, and amount of contributions; the likelihood that stopping contributions will jeopardize the debtor's fresh start by forcing the debtor to make up lost contributions after emerging from bankruptcy; and the needs of the debtor's dependents. The UST submits that based on theses considerations, Mr. Caramen does not need to contribute $401 per month to retirement savings. He is under 40, has no dependants and he has disposable income even with the contribution. He works at what appears to be a secure job with the post office and has a current balance of $33, 974 in his account. The UST reserves the right to submit further evidence on this issue.

The UST submits that the repayment of the TSP loan at $176 per month is not deductible as it is not a debt. In re Egebjerg, 574 F.3d 1045 (9th Cir. 2009)(the Ninth Circuit joins the vast majority of courts holding that a debtor's obligation to repay a loan form a retirement account is not a "debt" under the Bankruptcy Code).

Ms. Doty deducts $70 per month on schedule J for repayment of her student loan. The UST submits that Debtor cannot deduct expenses for paying any unsecured debt which includes student loans.

Debtors have shown that they have and will continue have disposable income to fund a chapter 13 plan or otherwise pay a significant amount to their creditors. The totality of the circumstances of Debtors' financial situation warrants dismissal under 11 U.S.C. §707(b)(3)..

### III. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests

(I) entry of an order dismissing this case under Section 707(b)(1) as an abuse of chapter 7 on grounds that (A) the case is a presumptively abusive under Section 707(b)(2)

or, (B) in the alternative, the totality of the circumstances of Debtors' financial situation demonstrates abuse under Section 707(b)(3)(B); and

(II) any other and further relief as the Court deems appropriate.

Dated: March 28, 2011

Respectfully submitted,
August B. Landis, Acting United States Trustee

By:   /s/ Patricia A. Cutler (#50352)
Attorney for the U.S. Trustee